UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCO TULIO CORONA LOPEZ,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 2:26-cv-154

Honorable Robert J. Jonker

**OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while detained by ICE by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1). For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.8.)

In an order entered on July 14, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed his response on July 17, 2026, (ECF No. 4). Respondent file a status report on August 11, 2026, indicating that Petitioner had been removed from the United States (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 4-1, PageID.20.) Prior to Petitioner's removal from the United States, Petitioner had been in ICE custody since October 23, 2025. (Pet., ECF No. 1, PageID.5.)

On January 7, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Corona Lopez v. Raycraft* (*Corona Lopez I*), No. 2:26-cv-4 (W.D. Mich.). In *Corona Lopez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Corona Lopez I*, (W.D. Mich. Jan. 28, 2026), (ECF Nos. 8, 9). On February 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Ex. to Status Report, *Corona Lopez I*, (W.D. Mich. Feb. 5, 2026), (ECF No. 10-1). At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond. *Id.*

On February 10, 2026, Petitioner filed a second § 2241 petition challenging the lawfulness of his detention based solely on his Temporary Protected Status (TPS) in *Corona Lopez v. Raycraft* (*Corona Lopez II*), No. 2:26-cv-29 (W.D. Mich.). In *Corona Lopez II,* the Court denied Petitioner's petition for a writ of habeas corpus without prejudice. The Court found that Petitioner did not have TPS when he was taken into ICE custody. Op. & Jud., *Corona Lopez II*, (W.D. Mich. Mar. 4, 2026), (ECF Nos. 10, 11).

Here, Petitioner seeks release from his detention. (Pet., ECF No. 1.) In Respondent's August 11, 2026, status report, Respondent states that Petitioner was removed from the United States on July 30, 2026, and that Petitioner was no longer in the custody of Respondent. (Status Report, ECF No. 8, PageID.40–41.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.8.) After initiating this action, Petitioner was removed from the United States and is no longer in Respondent's custody. (Status Report, ECF No. 8, PageID.40–41.)

Because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondent, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 11, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge